IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. SANDLESS FRANCHISE, LLC | : |
| DANIEL J. PRASALOWICZ | : |
| Plaintiffs, | : |
| v. | : |
| | :CIV. ACTION NO. 07CV11501(LLS) |
| MR. DUST FREE | : |
| ALLAN MCCLAIN | : |
| Defendants. | : |

### CIVIL ACTION – AMENDED COMPLAINT

### THE PARTIES

1. Plaintiff Mr. Sandless Franchise, LLC ("Mr. Sandless") is a Pennsylvania limited liability company with an address at 2970 Concord Road, Aston, PA 19014. Mr. Sandless is the franchisor of Mr. Sandless floor refinishing business franchises. Defendants are competitors of Plaintiffs and are using Plaintiffs' federally registered trademark "Mr. Sandless" in their Internet website domain name www.mrsandless.net. When an individual lands on Defendant's www.mrsandless.net landing page, they are automatically directed to Defendants' website www.mrdustfree.com. Defendants are not authorized to use Plaintiffs' trademark and as a result of Defendants' intentional infringement of Plaintiffs' trademark, Plaintiffs bring this action for preliminary and permanent injunctive relief and damages.

2. Plaintiff Daniel J. Prasalowicz ("Prasalowicz") is an individual with an address at 2970 Concord Road, Aston, PA 19014. Prasalowicz is currently the President, Chief Executive Officer and Chief Financial Officer of Mr. Sandless. Prasalowicz owns the trademark "Mr. Sandless." Prasalowicz has licensed the trademark to Mr. Sandless so that

Mr. Sandless may offer the right to use the trademark to its franchisees. Prasalowicz and Mr. Sandless have been using the trademark since 2004, and have devoted a substantial amount of time and money developing, advertising and promoting the trademark.

3. Defendant Allan McClain ("McClain") is an individual with an address at 46 Whitman Court, Middletown, New York 10941. McClain operates a business at that address under the assumed business name Mr. Dust Free.

4. Defendants are infringing Plaintiffs' trademark, and are unfairly competing with Mr. Sandless franchisees, all of whom paid and continue to pay royalty fees for the right to use the trademark. Plaintiffs bring this action to protect the goodwill associated with the trademark, and to protect Plaintiffs' franchisees who are being harmed as a result of Defendants' unauthorized use of the trademark.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Mr. Sandless's claims against each defendant are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 *et seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) in that all defendants reside in this judicial district and 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MR. SANDLESS SYSTEM

7. Mr. Sandless has been in operation since 2004. Mr. Sandless is the franchisor of Mr. Sandless floor refinishing businesses. Mr. Sandless franchisees are licensed the right

to use the "Mr. Sandless" trademark and Plaintiffs' proprietary sandless floor refinishing system.

8.  Mr. Sandless owns and operates the website www.mrsandless.com. It uses this website to advertise and promote its services and franchise system.

9.  The trademark "Mr. Sandless" is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 2970433 (the "Trademark").

10. Mr. Sandless and its franchisees have continuously used and advertised Mr. Sandless's trademarks, trade names and trade dress throughout the region. Mr. Sandless's trademarks, trade names and trade dress distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. Mr. Sandless first began using its Trademark in 2004 and registered the above Trademark in 2005.

11. Mr. Sandless solicits business through various channels, including its website. Mr. Sandless's customers are consumers who frequently search the Internet for home improvement services.

### THE INFRINGERS

12. Defendants conduct a business offering wood floor refinishing services through the domain name www.mrsandless.net (the "Infringing Mark"), which redirects consumers to their website www.mrdustfree.com.

## COUNT I

### Trademark Infringement and Unfair Competition

13. Plaintiffs incorporate the averments contained in paragraphs 1 through 13 as if fully set forth in this paragraph.

14. Defendants have utilized and benefited from their unauthorized use of the Trademark in the operation of their floor refinishing business without Plaintiffs' permission and with the knowledge that Plaintiffs have not consented to their use of the Trademark.

15. Defendants willfully intended to trade on Mr. Sandless's reputation, Trademark and related goodwill.

16. Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.* Defendants' use of the Infringing Mark constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to their being affiliated, connected or associated with Mr. Sandless in violation of 15 U.S.C. §1125(a). Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

17. Defendants' continued operation of their floor refinishing business also causes dilution of Mr. Sandless's famous marks in violation of 15 U.S.C. §1125(c).

18. Defendants' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that Plaintiffs will have difficulty franchising Defendants' trading areas, business will be diverted from the Trademark, the Trademark will be diluted and taken from Plaintiffs' control, and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated. Additionally, because Defendants are not affiliated with Prasalowicz or Mr. Sandless, Plaintiffs have no ability to

ensure that Defendants are providing adequate services and are otherwise in compliance with Mr. Sandless's standards and specifications.

19. Plaintiffs have no adequate remedy at law because they cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mr. Sandless Trademark as a result of Defendants' conduct.

20. Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use Mr. Sandless's Trademark.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against the Defendants as follows:

i. A preliminary and permanent injunction enjoining the Defendants and their agents, employees, and any person acting in concert with them, from using Mr. Sandless's Trademark or any colorable imitation in any manner whatsoever;

ii. An accounting of and judgment for the profits to which Plaintiffs may be entitled;

iii. Treble damages pursuant to 15 U.S.C. §1117;

iv. An order requiring the Defendants to transfer the domain name **www.mrsandless.net** to Plaintiffs;

v. Attorneys' fees;

vi. Costs of this action; and

    vii.    Such further relief as this Court deems just and proper.

12/26/07
Date

By: _____
Michael Einbinder
Einbinder & Dunn, LLP
104 West 40th Street
20th Floor
New York, NY 10018
(212) 391-9025

Of Counsel:    Jeffrey Zucker
Fisher Zucker LLC
21 South 21st Street
Philadelphia, PA 19103
(215) 825-3100

Attorneys for Plaintiffs
Daniel Prasalowicz and
Mr. Sandless Franchise, LLC